**Opinion filed July 2, 2026**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-25-00060-CR & 11-25-00061-CR

_____

## HEATH WAYNE FISHER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**
**Ector County, Texas**
**Trial Court Cause Nos. C-23-0686-CR & A-23-1103-CR**

## M E M O R A N D U M   O P I N I O N

Appellant, Heath Wayne Fisher, pled guilty to (1) theft from a person in trial court cause no. C-23-0686-CR, a state-jail felony, and (2) burglary of a habitation in trial court cause no. A-23-1103-CR, a second-degree felony. *See* TEX. PENAL CODE ANN. §§ 31.03(a), (e)(4)(B), 30.02(a), (c)(2) (West Supp. 2025). Pursuant to the terms of negotiated plea agreements between Appellant and the State, the trial court sentenced Appellant to: (1) two years' confinement in the State Jail Division of the

Texas Department of Criminal Justice in trial court cause no. C-23-0686-CR, but suspended the imposition of that sentence, and placed Appellant on community supervision for five years; and (2) ten years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice in trial court cause no. A-23-1103-CR, but suspended the imposition of that sentence, and placed Appellant on community supervision for eight years.

The State subsequently moved to revoke Appellant's community supervision in each cause, alleging a single violation: that Appellant committed the offense of assault in violation of Rule (a) of his rules of community supervision. On March 10, 2025, the trial court held a hearing on the State's motions, during which Appellant pled "not true" to the above allegation. Upon the conclusion of the hearing, and having considered the evidence presented, the trial court found the allegation in the State's motion in each cause to be "true," revoked Appellant's community supervision in each cause, and imposed the originally assessed two-year term of confinement and ten-year term of imprisonment, respectively.

Appellant's court-appointed counsel has filed a motion to withdraw in this court, supported by a brief in which counsel states that he professionally and conscientiously examined the record and the applicable law and concludes that there are no meritorious or arguable grounds to present on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008). Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and copies of the clerk's and reporter's records. Counsel also advised Appellant of his right to (1) object to counsel's motion, (2) review the record, (3) file a pro se response to counsel's brief, and (4) file a petition for discretionary review. *See* TEX. R. APP. P. 6.5, 68. As such, court-appointed counsel has complied with the requirements of *Anders*, 386 U.S. at

742–44; *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *Schulman*, 252 S.W.3d 409–12; and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant did not file a response to counsel's *Anders* brief in either appeal. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the brief and the record in each cause, and we conclude that these appeals are without merit. In a revocation proceeding, the State need only prove a violation of a term or condition of community supervision by a preponderance of the evidence—the greater weight of credible evidence that would create a reasonable belief that the probationer has violated a term or condition of his community supervision. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974); *Guillory v. State*, 652 S.W.3d 923, 928 (Tex. App.—Eastland 2022, pet. ref'd). In this setting, the trial court, as the trier of the facts, is the sole judge of the credibility of the witnesses, and the weight to be afforded their testimony, and may resolve any inconsistencies in their testimony. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013); *Naquin v. State*, 607 S.W.2d 583, 586 (Tex. Crim. App. 1980).

Although we review a trial court's revocation decision under an abuse of discretion standard, *see Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona*, 665 S.W.2d at 493, we review the evidence presented at a revocation proceeding in the light most favorable to the trial court's ruling. *Hacker*, 389 S.W.3d at 865; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). Here, the evidence presented at the hearing, although contested, is sufficient to support the trial court's finding of "true" in each cause. *See Rickels*, 202 S.W.3d at 764. In this regard, it is well-settled that proof of only a single violation of the terms and conditions of a probationer's community supervision is sufficient to support the trial court's revocation order. *Bryant v. State*, 391 S.W.3d 86, 93 (Tex. Crim. App. 2012); *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Smith v. State*,

286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Jones v. State*, 472 S.W.3d 322, 324 (Tex. App.—Eastland 2015, pet. ref'd); *Hart v. State*, 264 S.W.3d 364, 367 (Tex. App.—Eastland 2008, pet. ref'd). Therefore, based on our review of the record, we agree with counsel that no arguable grounds for appeal exist in either cause.[1] *See Anders*, 386 U.S. at 744; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 & n.6 (Tex. Crim. App. 2005).

However, we note that the trial court's judgments contain nonreversible errors. Appellant pled "not true" to the sole allegation in the State's motion, but the trial court's judgment in each cause erroneously recites that Appellant pled "true" to this allegation. We have the authority to modify and reform the trial court's judgments so that they speak the truth. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Therefore, we modify the trial court's judgments to recite that Appellant pled "not true" to the State's allegation.

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgments of the trial court as modified.


W. STACY TROTTER

JUSTICE


July 2, 2026

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]Appellant has the right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.